IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRYSTAL DEBERRY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **EASTON HOSPITAL, et al.** | : | **NO. 17-1929** |

**MEMORANDUM**

**O'NEILL, J.**                                                                                                  **MAY 22, 2017**

Plaintiff Crystal Deberry brings this action, pursuant to 42 U.S.C. § 1983, against Easton Hospital, Dr. Christopher Mann, "Easton Hospital Nurse Staff List of Deliver Floor and Night Shift Also," and "The List of the Nurses and Doctors of the Surgery Room on June 10th 8:17 AM 2014." She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint.

**I.     FACTS**

Plaintiff's claims appear to relate to the birth of her son on June 10, 2014. Her claims are based on the following factual allegations:

> I was having a C-section and my body was resentined [sic] to the eperdorole [sic] shot. So the[y] put me to sleep after I had my son they sent me back to prison and I kept falling on the ground for some reason. Also there weren't any cameras in the nursery room where they had my son. Before they sent me back to prison Dr. Christopher Man had retrants [sic] on my arms and feet during the c-section immendetly [sic] when I was released they kept my son at Easton Hospital for the last night and said cause they forgot to take a urine on me. I seen [sic] the Nurse Denise cut my sons leg and her penky [sic] and I walked in there and she tried to give my son Aids or Hep C

(Compl. at 3.) Plaintiff also alleges that the defendants "put a telecommunication device in [her] stomach that almost killed [her]." (*Id.* at 2.) She seeks sixty million dollars in damages for the alleged violation of her and her son's rights, and adds that "everyone in town knows that [the

1

defendants] abused [her] son and he came home with two blood vessles [sic] in his eyes." (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court will grant plaintiff leave to proceed *in forma pauperis* because it appears that she cannot afford to pay the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As plaintiff is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's allegations are confusing and at times rise to the level of delusional. Reading

---

[1] As plaintiff is a prisoner, she will still be obligated to pay the fees in installments in accordance with 28 U.S.C. § 1915(b).

the complaint as a whole, the Court concludes that plaintiff's allegations are primarily based on paranoid, irrational thoughts. Accordingly, the Court will dismiss the complaint as factually frivolous.

In any event, plaintiff's claims are time-barred. Pennsylvania's two-year statute of limitations applies to plaintiff's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). The events giving rise to plaintiff's claims took place in June of 2014, but she did not file this case until April 20, 2017—more than two years after she knew or should have known of the basis for her claims. Accordingly, plaintiff's claims are time-barred.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[2] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The complaint reflects that plaintiff handed her complaint to prison authorities on April 20, 2017.